UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KEVIN WATTS,

                Petitioner,

-against-

SUPERINTENDENT P. GRIFFIN,

                Respondent.

------------------------------------------------------------X

13-CV-7087 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

Kevin Watts (or "petitioner"), appearing pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his criminal conviction in New York State for Burglary in the Third Degree. First, petitioner argues that his trial counsel was ineffective because (1) he failed to properly investigate, (2) he failed to call a particular witness, and (3) he failed to request that criminal trespass be presented to the jury as a lesser included offense. Second, he submits that his right to confront witnesses against him was violated because he did not have the opportunity to cross-examine the criminalist who analyzed certain DNA samples from the scene of the burglary. Third, petitioner contends that the evidence presented at trial was legally insufficient to establish his guilt beyond a reasonable doubt. Fourth, he argues that the sentenced imposed by the trial judge was excessive and an abuse of the judge's discretion. For the reasons stated below, the petitioner's application is denied.

## BACKGROUND

### A. <u>Petitioner's Trial</u>

Following a jury trial in Kings County, petitioner was found guilty in November 2009 of Burglary in the Third Degree in violation of New York Penal Law § 140.20.[1] The conviction was in connection with a townhouse burglary that occurred sometime between 8:30 p.m. on January 17, 2008, and 9:00 a.m. on January 18, 2008, at 281 Skillman Street in Brooklyn, New York.

At trial, the townhouse's owner, who had purchased the property only shortly before the burglary, testified that, on the morning of January 18, she returned to find the front entry doors broken, a skylight open, and the basement windows damaged. A sink, a countertop, copper pipes, and a water meter were missing from the townhouse. On the top floor, which had been locked, there was a smudge on the wall that appeared to be a muddy handprint, which the owner testified at trial had not been on the wall when she left the night before.

Once police arrived, an officer took two DNA samples from the smudge. Debra Briones, a supervisor with the New York City Office of Chief Medical Examiner ("OCME"), testified at trial that an OCME criminalist whom Ms. Briones supervised, Susan Harren, conducted an analysis of the DNA samples taken from the smudge on the townhouse wall, and the profile retrieved from those samples matched petitioner's DNA profile. On cross-examination, Ms. Briones testified that she could not tell from the sample how long the DNA was on the wall prior to the swab being taken.

---

[1] The following facts and procedural history are taken from the transcripts and records of the proceedings in state court.

2

Petitioner also testified at trial. He testified that, prior to the date of the burglary, he had visited the townhouse in December and again in January looking for work because he saw that there was construction going on there. Both times, he spoke with individuals whose names he could not remember were doing work there. On both occasions, they gave petitioner "the run around" and were ultimately able to provide him with any work. He testified that, sometime in early January, he visited every floor of the townhouse and spoke with a workman there, but he testified that he did not go inside the apartment on the top floor where the smudge was found. He testified, among other things, that, while in the townhouse on that occasion, he touched everything, including the walls. When petitioner took the stand, the judge permitted the prosecutor to cross-examine petitioner about his nine prior felony convictions and three of his prior misdemeanor convictions. The prosecutor was permitted to question petitioner about the existence of the prior convictions and the titles of the offenses but not about the underlying facts.

## B.     **Petitioner's Sentencing**

On January 5, 2010, the Honorable Alan D. Marrus adjudicated petitioner a persistent felony offender ("PFO") following a hearing pursuant to New York Criminal Procedure Law ("CPL") § 400.20. Opp'n to Pet. ("Opp'n"), DE #9, Ex. B. Judge Marrus found petitioner to be a PFO based on evidence of petitioner's at least nine prior felony convictions and twenty-three misdemeanor convictions. Although petitioner claimed at the hearing that he was not present when he was convicted for some of the prior offenses, the judge concluded that petitioner could not credibly dispute the evidence in the record of his presence for those convictions. Accordingly, the judge imposed a sentence of an indeterminate prison term of 15 years to life.

3

## C. Post-Conviction Proceedings

Prior to sentencing, petitioner first moved the trial court in December 2009 to vacate his conviction pursuant to CPL § 440.10(1)(h) on the grounds that his trial counsel was ineffective for failing to pursue a defense strategy of arguing that the townhouse was abandoned at the time of the burglary. Opp'n, Ex. C. Petitioner's motion was denied by order dated March 16, 2010. Opp'n, Ex. E.

Following sentencing, on direct appeal, petitioner was represented by new counsel. Opp'n, Ex. F. On appeal, petitioner first argued that the trial judge erred in permitting the prosecutor to cross-examine petitioner about all nine of his prior felony convictions, including those involving possession of stolen property. He submitted that the introduction of his prior convictions violated his due process rights under state and federal law because the volume of prior convictions introduced and the similarity of some of those prior offenses to the charged offense made them unduly prejudicial. Second, petitioner contended that the judge abused his discretion in adjudicating petitioner a PFO because his prior felony offenses had been nonviolent and there were, he argued, other factors indicating a possibility of his rehabilitation. He also argued that the PFO adjudication involved an increase in the penalty imposed based on judicial fact-finding in violation of the United States Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny. The Appellate Division affirmed his conviction and sentence on November 15, 2011. People v. Watts, 932 N.Y.S.2d 728 (Mem.) (App. Div. 2011). As to his first argument, the Appellate Division concluded that the trial court "struck an appropriate balance between the probative value of the [petitioner's] prior crimes and the possible prejudice to the [petitioner]" in allowing cross-examination as to nine prior felony and three misdemeanor convictions. Id. (citation omitted). With regard to petitioner's second

4

argument, the Appellate Division followed prior rulings of the New York Court of Appeals to conclude that the PFO adjudication was not in violation of federal law under Apprendi. Id. (citing People v. Quinones, 906 N.E.2d 1033 (N.Y. 2009), cert. denied, 558 U.S. 821 (2009); People v. Rivera, 833 N.E.2d 194 (N.Y. 2005), cert. denied, 546 U.S. 984 (2005)). The New York Court of Appeals denied petitioner leave to appeal the decision of the Appellate Division on January 26, 2012. People v. Watts, 963 N.E.2d 134 (N.Y. 2012).

Following his unsuccessful appeal, petitioner filed another pro se motion to vacate his conviction pursuant to CPL § 440.10(1)(h) on September 19, 2012. Opp'n, Ex. H. In that motion, petitioner claimed that he was denied effective assistance of trial counsel because his trial counsel (1) failed to hire an investigator or otherwise properly investigate, (2) failed to call certain witnesses, specifically a Mr. Yehuda Togender, who petitioner claimed formerly owned the townhouse and would have testified that petitioner had previously done work there, and (3) failed to ask for the lesser included charge of Criminal Trespass in the Third Degree to be presented to the jury. He also argued that the evidence at trial was legally insufficient to convict him of Burglary in the Third Degree and that he was denied his right to confront witnesses against him because he was not able to cross-examine Susan Herren, the OCME criminalist who analyzed the DNA samples, at trial. By decision and order dated November 14, 2012, Judge Marrus denied petitioner's CPL § 440.10(1)(h) motion because all of petitioner's claims were procedurally barred under state procedural law as well as lacking in merit. Opp'n, Ex. J. Judge Marrus found that all of petitioner's claims were "readily reviewable from the record on appeal but were not raised on the defendant's judgment appeal" and petitioner "offered no justification for his failure to raise these grounds on his previously perfected judgment appeal."[2] Judge

---

[2] Although Judge Marrus cited to CPL § 440.10(3)(a) as the basis for finding petitioner's claims procedurally barred

5

Marrus also went on to reject the merits of petitioner's claims. Leave to appeal appears to have been denied by both the Appellate Division and the Court of Appeals in 2013.

Most recently, petitioner filed a petition for a writ of error coram nobis with the Appellate Division in June 2013. Opp'n, Ex. K. In that petition, he requested a new direct appeal of his conviction on the grounds that he was denied effective assistance of appellate counsel. Petitioner argued that his appellate counsel was ineffective because, on direct appeal, his counsel failed to raise the issues that petitioner subsequently raised pro se in his CPL § 410.10(1)(h) motion filed September 19, 2012. The Appellate Division denied petitioner's application for a writ of error coram nobis on November 6, 2013. People v. Watts, 974 N.Y.S.2d 291 (App. Div. 2013).

Petitioner now asks this court to overturn his conviction and sentence on the same grounds that he raised in his CPL § 410.10(1)(h) motion of September 19, 2012. In addition, he argues that the sentence imposed was excessive and an abuse of the sentencing judge's discretion, which was an argument petitioner raised on direct appeal.

## DISCUSSION

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a deferential standard that federal habeas courts must apply when reviewing state court convictions. 28 U.S.C. § 2254(d). The statute provides, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

---

because his claims were "readily reviewable from the record," it appears that CPL § 440.10(2)(c), which contains the mandatory procedural bar for claims where "sufficient facts appear on the record" to raise such claims on appeal, would apply to bar at least some of those claims. CPL § 440.10(3)(a) contains the discretionary procedural bar for claims that "could with due diligence . . . have readily been made to appear on the record" but does not apply to claims of ineffective assistance of counsel.

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. The statutory language "clearly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts" Supreme Court precedent or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Id. at 405-06. With respect to the "unreasonable application" clause, "a federal habeas court . . . should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

## B. Petitioner's Claims Previously Raised in his CPL § 410.10(1)(h) Motion

The majority of the claims petitioner asserts in the instant petition were previously raised in petitioner's CPL § 410.10(1)(h) motion filed on September 19, 2012. Specifically, he reasserts his claims that (1) his trial counsel was ineffective because he failed to properly investigate and call Mr. Yehuda Togender and failed to request that Criminal Trespass in the Third Degree be presented to the jury as a lesser included charge; (2) his constitutional rights

7

were violated because he did not have the opportunity to cross-examine the OCME criminalist who analyzed the DNA samples from the townhouse; and (3) the prosecution's evidence at trial was legally insufficient to convict him. In denying petitioner's CPL § 410.10(1)(h) motion, the state court judge held that petitioner was barred from raising each of these claims by state procedural law because he had failed to raise them on appeal.

A petitioner is procedurally barred from raising a claim in a petition under 28 U.S.C. § 2254 where a state court decision denying that claim rests on an "independent" and "adequate" state law ground, including on the grounds of a state procedural ruling. See Beard v. Kindler, 558 U.S. 53, 55 (2009); Jimenez v. Walker, 458 F.3d 130, 136 (2d Cir. 2006); Cotto v. Herbert, 331 F.3d 217, 238-40 (2d Cir. 2003). In Clark v. Perez, the Second Circuit held that the New York state procedural bar on claims that are readily reviewable on the record but not raised on direct appeal constituted an adequate state procedural bar to a habeas petition. 510 F.3d 382, 393 (2d Cir. 2008) ("[E]ven if no state court had applied section 440.10(2)(c) to [petitioner's] claim, the district court itself should have done so in the first instance pursuant to the exhaustion requirement for federal habeas."). Following that precedent, this court concludes that there was an independent and adequate state procedural bar to petitioner's claims raised again here.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Id. (quoting Bousley v. United States, 523 U.S. 614, 622 (1998). Here, petitioner has neither set forth new evidence not presented at trial supporting a claim of actual innocence, see Schlup v. Delo, 513 U.S. 298, 324 (1995), nor has he asserted any cause justifying his procedural default or that this court's "failure to review his federal claim will result in a fundamental miscarriage of justice," Edwards v. Carpenter, 529

U.S. 446, 451 (2000). Accordingly, his petition must be denied with respect to these claims.

To the extent that "sufficient facts" did not "appear on the record" for petitioner to have raised on direct appeal his ineffective assistance of counsel claim related to the failure investigate or to call Yehuda Togender as a witness, and thus the procedural bar under CPL § 440.10(2)(c) is inapplicable, this court finds that petitioner's claim must be dismissed as lacking merit. The trial court reviewing petitioner's CPL § 440.10(1)(h) motion also rejected this claim on the merits, in part, because the petitioner's "self-serving claim" was "not supported by an affidavit from the prior owner of the house." The state court's determination was not an "unreasonable" application of the standard under Strickland v. Washington, 466 U.S. 668 (1984), for the effective assistance of counsel. See Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). "[C]ounsel's decision as to whether to call specific witnesses---even ones that might offer exculpatory evidence---is ordinarily not viewed as a lapse in professional representation." United States v. Best, 219 F.3d 192, 201 (2d Cir. 2000) (internal quotation marks omitted). "In order to prevail on a claim of ineffective assistance of counsel based on a lawyer's failure to call certain witnesses, the petitioner must establish what these witnesses would have testified to, and, equally as important, that they would in fact have testified." Mui v. United States, No. 99 CV 3627(SJ)(RER), 2013 WL 6330661, at *9 (E.D.N.Y. Dec. 5, 2013) (internal quotation marks and alterations omitted). Petitioner has provided no affidavit from Togender or other evidence, other than petitioner's own self-serving statements, to indicate that Togender would have testified and what his testimony would have been at trial. Without more, petitioner cannot overcome the strong presumption that petitioner's trial counsel exercised "reasonable professional judgment." Strickland, 466 U.S. at 690. This is particularly the case because petitioner's own testimony at trial---that he did not know who, he spoke to at the townhouse about working there and that he

never actually did any work there---conflicts with the version of events that he now asserts Togender would testify about, i.e. that petitioner did work at the townhouse for him. Moreover, even were Togender to have testified as petitioner asserts he would have, petitioner has not shown that there was a "reasonable probability that . . . the result of the proceeding would have been different." Id. at 694. Even if the jury believed that, as petitioner himself testified, petitioner had been in the townhouse prior to the date of the burglary, there was evidence from the testimony at trial that the smudge containing petitioner's DNA was left on the townhouse wall overnight between January 17 and January 18, 2008. Accordingly, petitioner's ineffective assistance of counsel claim is without merit on this ground and must be dismissed.

## C.  Petition's Sentencing Claim

Petitioner's remaining claim asserts that "The Court Abused its discretion when it imposed [an] excessive sentence of 15 to life for non-[violent] when my prior crimes consisted of entirely low level crimes with no violence." Pet., DE #1, ECF 8. To the extent that petitioner's claim here challenges his sentencing and adjudication as a PFO on the same federal grounds as were rejected by the state court on direct appeal, the state court's ruling must be upheld because it was not contrary to or an unreasonable application of a clearly established holding of the United States Supreme Court. On appeal, petitioner argued that the application of New York's PFO statute involved judicial fact-finding that increased the penalty for a crime in violation of the Supreme Court's holding in Apprendi. In a prior case, the Second Circuit concluded that New York courts' rejection of the argument that the application of New York's PFO statute involved impermissible judicial fact-finding was not an objectively unreasonable application of clearly established federal law, even in light of Apprendi and its progeny. Portalatin v. Graham, 624 F.3d 69, 93-94 (2d Cir. 2010). Following Portalatin, this court must

dismiss petitioner's <u>Apprendi</u> claim.

To the extent that petitioner's claim is that his sentence was otherwise excessive in violation of the Eighth Amendment, his claim must be dismissed because it was not raised on direct appeal and exhausted before the state courts. Nonetheless, his claim is meritless because the sentence imposed was within the statutory limits prescribed by New York Penal Law §§ 70.00 and 70.10. <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.").

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

s/DLI

Allyne R. Ross
United States District Judge

Dated: June 2, 2014
Brooklyn, New York

11

**SERVICE LIST**

**Kevin E. Watts**
10A0204
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458-0338